Torrance L. Coburn
TIPP COBURN LOCKWOOD PC
2200 Brooks Street
P.O. Box 3778
Missoula, MT  59806-3778
Telephone: (406) 549-5186
torrance@tippcoburn.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CATRINA OLSON,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST HORIZONS, INC.<br>d/b/a LOGAN HEALTH BRENDAN<br>HOUSE,<br><br>Defendant. | Cause No. CV 24-180-M-KLD<br><br>COMPLAINT and<br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, Catrina Olson ("Olson"), and for her Complaint against the Defendant, states and alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e et seq.), and the Montana Human Rights Act (Mon. Code Ann. § 49-2-303 et seq.).   This Court has

original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because some of the claims arise under the laws of the United States.

2.     This Court also has supplemental jurisdiction over Olson's state law claim pursuant to 28 U.S.C. § 1367, because the state law claim is part of the same case and controversy as the federal claim.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     The Plaintiff, Catrina Olson, is currently, and at all time pertinent to this Complaint was, a resident of the State of Montana, Flathead County.

5.     The Defendant, Northwest Horizons, Inc. d/b/a Logan Health Brendan House (Brendan House") is a Montana corporation with a principal address of 310 Sunnyview Lane, Kalispell, Montana 59901.  Defendant has conducted and currently conducts business in Montana, and is authorized to do the same. Defendant's registered agent is William Gibson, 310 Sunnyview Lane, Kalispell, Montana 59901.

6.     At all times pertinent to this Complaint, the Defendant employed fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

## GENERAL ALLEGATIONS

7.      On or around November 8, 2022, the Plaintiff applied to work for the Defendant as a Patient Accounting Specialist at Brendan House.

8.      On or around November 15, 2022, the Plaintiff went in to the Brendan House for an interview for the Patient Accounting Specialist position.

9.      At the time of the above-referenced interview, the Plaintiff was approximately six months pregnant.

10.      At the above-referenced interview, Plaintiff met with the Defendant's hiring manager, Jackie Ruf.

11.      During the course of the above-referenced interview, Ruf indicated that she and the Defendant would not hire the Plaintiff for the Patient Accounting Specialist position because the Plaintiff was pregnant and would need to take maternity leave during the coming months.  After Ruf's statement, the interview ended.

12.      After the above-referenced interview ended, the Plaintiff called the Defendant's human resources department and made a complaint concerning Ruf's statements and the discrimination that she faced during the interview.

13.      The Defendant did not hire the Plaintiff for the Patient Accounting Specialist position.

14.     The Plaintiff was qualified for the Patient Accounting Specialist position.

15.     Upon information and belief, the Plaintiff was the most qualified applicant for the Patient Accounting Specialist position.

16.     The Defendant refused to hire the Plaintiff for the Patient Accounting Specialist position because of her sex (pregnancy).

17.     The Plaintiff timely filed her complaint alleging discrimination with the EEOC and the Montana Human Rights Bureau.

18.     The EEOC found reasonable cause to believe that the Defendant discriminated against the Plaintiff based upon the Plaintiff's sex (pregnancy).

19.     The EEOC issued its Notice of Suit Rights regarding the Plaintiff's complaint of discrimination on October 7, 2024.

20.     The Plaintiff's Complaint has been timely filed with this Court.

## COUNT ONE – DISCRIMINATORY REFUSAL HIRE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

21.     Plaintiff Olson realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

22.     Despite the fact that the Plaintiff was qualified for the open Patient Accounting Specialist position referenced above in paragraph 7, the Defendant refused to hire the Plaintiff for the position.

23.     The Defendant's above-referenced refusal to hire the Plaintiff for the position referenced in paragraph 7 was based upon her sex (pregnancy), in violation of the Pregnancy Discrimination Act and Title VII of the Civil Rights Act, as amended.

24.     As a result of the Defendant's discrimination against the Plaintiff because of her sex (pregnancy), the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

25.     The Defendant acted with malice and/or reckless indifference towards the Plaintiff's rights when it refused to hire the Plaintiff because of her sex (pregnancy).  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT TWO – DISCRIMINATORY REFUSAL TO HIRE IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

26.     Plaintiff Olson realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

27.     Despite the fact that the Plaintiff was qualified for the open Patient Accounting Specialist position referenced above in paragraph 7, the Defendant refused to hire the Plaintiff for the position.

28.     The Defendant's above-referenced refusal to hire the Plaintiff for the position referenced in paragraph 7 were based upon her sex (pregnancy), in violation of the Montana Human Rights Act.

29.     As a result of the Defendant's discrimination against the Plaintiff because of her sex (pregnancy), the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

WHEREFORE, Plaintiff requests that this Court:

A. Issue judgment declaring that the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights secured under the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e et seq.), and the Montana Human Rights Act (Mon. Code Ann. § 49-2-303 et seq.);

B. Order the Defendant to make the Plaintiff whole by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, front pay, reinstatement or reconsideration by the Defendant for employment opportunity;

C. Order the Defendant to compensate the Plaintiff for all general and special damages suffered by Plaintiff as a result of the Defendant's actions as alleged above;

D. For punitive damages, in an amount to be set by the jury, for the Defendant's actions as alleged above, which were committed with actual malice;

E. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance;

F. For Plaintiff's costs and attorneys' fees incurred herein;

G. For such and other relief as may be determined just and equitable by this Court and in compliance with the laws of the United States of America and the State of Montana.

DATED this 31st day of December, 2024.

TIPP COBURN LOCKWOOD PC

By: _/s/ Torrance L. Coburn_____
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through her attorneys, and demands a jury trial on all issues of fact in the above case.

DATED this 31st day of December, 2024.

TIPP COBURN LOCKWOOD PC

By: _/s/ Torrance L. Coburn_
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
_Attorneys for Plaintiff_

-8-